ANN E. GARRISON v. WILLIAM J. STEELE ET AL.

*Liquor-seller's bond—Justification of sureties—Approval by council.*

A liquor dealer's bond, where the penalty has by mistake been left in blank, will be held valid at the lowest statutory penalty when the sureties have justified at that sum in accordance with the statute requiring the justification to conform to the penalty.

Such a bond in Bay City cannot be enforced until approved by the common council; and the report of a committee approving it will not be sufficient unless the report is adopted by the council.

Case made from Bay. Submitted April 13. Decided April 27.

ASSUMPSIT.  Defendants had judgment.  Affirmed.

*Hatch & Cooley* for plaintiff.  A bond may be good with-out inserting the name of the obligor: *Pequawkett v. Mathes* 7 N. H. 230 ; *Martin v. Dortch* 1 Stew. (Ala.) 479 ; *Williams v. Greer* 4 Hayw. (Tenn.) 387 ; *Campbell v. Campbell* Brayt. (Vt.) 38 ; *Stone v. Wilson* 4 McCord 203 ; *Joyner v. Cooper* 2 Bailey (S. C.) 199 ; *Fulton's case* 7 Cow. 484 ; *Bartley v. Yates* 2 Hen. & M. (Va.) 398 ; *Smith v. Crooker* 5 Mass. 538 ; *Beale v. Wilson* 4 Munf. (Va.) 380 ; *Vanhook v. Barnett* 4 Dev. (N. C. L.) 272 ; *Blakey v. Blakey* 2 Dana (Ky.) 463 ; *Muir v. Judge of Superior Court* 28 Mich. 266 ; or without showing the obligee's official capacity : *Whitsett v. Womack* 8 Ala. 466 ; or even if an essential word is omit-ted, when it is pointed out by the context : *De Soto v. Dickson* 34 Miss. 150 ; *Kincannon v. Carroll* 9 Yerg. 11 ; the court will seek to uphold it : *Probate Judge v. Ordway* 23 N. H. 198 ; and will supply accidental omissions in order to give effect to the intention : *Benehan v. Webb* 6 Ired. (N. C. L.) 57 ; *Iredell v. Barbee* 9 Ired. 250 ; *Giles v. Halstead* 4 Zab. 366 ; *Gully v. Gully* 1 Hawks. 20 ; *Harman v. Howe* 27 Grat. 676 ; *Whitney v. Darrow* 5 Oreg. 442 ; statutory bonds taken by officers of the court in the obligee's absence are construed liberally : *Claytor v. Anthony* 15 Grat. 518 ; a bond that complies substantially with the statute is valid : *Gardener v. Woodyear* 1 Ohio 170 ; and the obligor cannot take advantage of an omission of the conditions where it benefits himself : *Justice v. Wynn* Dudley (Ga.) 22 ; where the penal clause of a bond was filled out after the sureties had signed, the bond was held valid : *Bartlett v. Board of Education* 59 Ill. 364 ; sureties signing in blank are estopped from denying liability : *Wright v. Harris* 29 Ind. 438 ; where a statute required a bond for $1000 with two sureties one for $2000 with one surety was held valid : *Adee v. Adee* 16 Hun 46 ; *Beaufage's case* 10 Co. 99 ; *Austen v. Howard* 7 Taunt. 28 ; *Pepin v. Cooper* 2 B. & Ald. 431 ; *Bank v. Cresson* 12 S. & R. 306 ; *Bank v. Dandridge* 12 Wheat 81 ; *Posterne v. Hanson* 2 Saund. 51 ; a sheriff's bond to the

county was held valid though required to be to the people: *Bay County v. Brock* 44 Mich. 45.

*Thomas A. E. Weadock* and *Holmes, Collins & Stoddard* for defendants. A bond is insufficient as a cause of action where the penalty is not stated at a fixed amount: *Spencer v. Buchanan*, Wright (O.) 583; *Ohio v. Boring* 15 Ohio 507; *Famulener v. Anderson* 15 Ohio St. 478; *Wiley v. Moor* 17 S. & R. 438 : 17 Amer. Dec. 698; *Harrison v. Tiernans* 4 Rand. 177; *Howard v. Brown* 21 Me. 385; *Bragg v. Murray* 6 Munf. (Va.) 32; *Church v. Noble* 24 Ill. 293; *Case v. Pettee* 5 Gray 27; an obligee in a bond can never recover more than the penalty stated in the bond, unless, perhaps, interest and costs: *Warden v. Nielson* 1 Murphy 275 : 3 Am. Dec. 691; *Carter v. Carter* 4 Day 30 : 4 Am. Dec. 177; *Ansly v. Mock* 8 Ala. 444; *Commonwealth v. Forney* 3 W. & S. 353; *State v. Blakemore* 7 Heisk. 638; *Hovey v. Rubber Tip Pencil Co.* 38 N. Y. Superior Court 428; *Van Wyck v. Montrose* 12 Johns. 350.

CAMPBELL, J. Plaintiff sued defendants on a liquor dealer's bond for a judgment she had obtained against Steele for damages on account of the sale of liquor to her husband. The bond, which was made to cover dealings in Bay City, was dated May 1, 1878, and declared on as approved June 3, 1878. It contained no sum written out as a penalty, and was set out in its precise words, with an averment of a penalty of one thousand dollars.

The defence rested on the double ground of want of penalty, and want of approval.

The statute (Laws 1877, p. 214) requires the bond to be for not less than $1000 nor more than $3000, and requires the sureties to justify "in a sum equal to the amount of the bond." In the present case they justified in the sum of one thousand dollars. We think the omission of the penalty is supplied by the justification—especially as that covers only the lowest sum for which any bond could be given. This defect may be disregarded.

The statute is very express that no bond shall be received

without written endorsement of the approval of the common council. This bond had on it a brief approval signed by the recorder, which we have no doubt could be connected with any legal action of the council authorizing it.

But the proceedings of the council are not shown to have amounted to such an approval. The records show that the "retrenchment committee" were required by resolution in connection "with the city attorney" should "report on all liquor bonds for the ensuing year."

The council proceedings show that on the 3d of June the retrenchment committee, without any mention of the city attorney, reported the acceptance of eight bonds. Two others are mentioned, and it is not very clear whether the entry means that two others were referred by the committee or were referred by the council, to the city attorney.

There is no mention of any approval or other action on the eight bonds by the council. A further report by the same committee, on an entirely different subject, is followed by the word "adopted." This cannot properly be made to cover two different reports as it stands. The council could not delegate to any committee the final approval of bonds, and while we are not inclined to doubt the validity of a single entry of approval of several bonds at once, we think under the statutes there must be some distinct evidence that the council acted. If, as is most probable, the reference of two bonds to the city attorney is to be regarded as made by the council itself, that shows distinctly there was no direct approval of the rest. If made by the committee it would probably indicate that until those were examined action on the rest would be suspended. In either case it is fairly to be inferred that action was postponed, or else that it was erroneously supposed that the council had legally delegated all its powers to the committee.

We think the court below was correct in holding that no approval was shown.

The judgment should be affirmed with costs.

MARSTON, C. J. and GRAVES, J. concurred. COOLEY, J. did not sit in this case.