DELLSENA SMITH V. MAUD ANDERSON ET AL.

*Liquor traffic—Approval of bond—Evidence.*

The certificate of a township clerk indorsed upon a liquor bond
filed with the county treasurer, to its approval by the town-
ship board, is made authentic evidence of such fact by section
8 of Act No. 313, Laws of 1887, which provides for such
approval and certificate.[1]

Error to Muskegon. (Dickerman, J.) Argued June 27,
1890. Decided October 10, 1890.

Case. Defendants bring error. Affirmed. The facts
are stated in the opinion.

*F. W. Cook,* for appellants.

*DeLong & O'Hara,* for plaintiff.

LONG, J. This action was brought in the Muskegon
circuit court against defendant Maud Anderson, a liquor
dealer in the village of Holton, Muskegon county, and
the defendants Badeaux and Blythe, sureties on her liquor
bond, for injuries sustained by plaintiff in her means of
support, etc., by reason of the unlawful sale of intoxicat-
ing liquors to her husband, an habitual drunkard, by the
defendant Anderson, on December 31, 1888. On the trial
of the cause a jury awarded the plaintiff $303 damages,
for which amount judgment was entered. Defendants
bring error.

On the trial the sworn statement of the defendant
Anderson, filed with the county treasurer, was received in
evidence without objection. Evidence was also given
showing the execution of the liquor bond, the genuineness

---

[1] See *Brockway v. Petted,* 79 Mich. 620.

of the signatures of the bondsmen, as well as of the signature of the magistrate before whom the sureties justified, the fact that such magistrate was legally qualified, the genuineness of the signature of the township clerk whose name is indorsed upon the bond, and the fact that he was township clerk at that time, and the fact that the bond was filed in the office of the county treasurer of Muskegon county, May 7, 1888, by the then treasurer. Evidence was also given showing that defendant Anderson, after filing the bond with the county treasurer and paying the tax, engaged in the liquor business at Holton, in May, 1888, and continued in that business up to the time of the unlawful sale of the liquor, and of the sale, and consequent injury, and the damage sustained. The liquor bond, with indorsements thereon, was then produced and offered in evidence. The bond and affidavit of sureties are in the form prescribed by the statute. On the bond is the following indorsement:

"Liquor bond of Maud Anderson. Sureties, William Badeaux and William Blythe.
"The within bond of Maud Anderson, with sureties named therein, was approved by the township board of the township of Holton at a meeting held May 4, 1888.
                              "R. J. NASH,
                                  "Township Clerk.
"Filed May 7, 1888.       MARTIN WAALKES,
                                  "County Treasurer."

Counsel for the defendants objected to the reception of the bond on the ground that it had not been shown that it had been approved by the township board of Holton, and that the clerk's certificate was insufficient for that purpose. This objection was overruled. The plaintiff having rested without any other showing as to the action of the township board, defendants' counsel moved the court to strike out such bond, affidavits, etc., upon the grounds above stated. This was denied. This ruling of

the court constitutes the only ground of error claimed.

The action was brought under Act No. 313, Laws of 1887, section 8 of which provides that—

"Such bond shall not be received by the county treasurer unless the approval thereof by the township board or the board of trustees, the council or common council of the village or city, shall be duly certified thereon in writing by the clerk or recording officer of such township, village, or city," etc.

It is contended by the counsel for the defendants that the certificate of the township clerk by this act is not made evidence for any purpose except the guidance of the county treasurer, and is not made evidence at all before a judicial tribunal where the legal question is, "Has the bond been actually and legally approved?" It is not pretended that the bond was not approved, or that the records would show defective action, or no action at all, on the part of the township board, but that proof of the execution by the principal and sureties, justification of the sureties, depositing with the county treasurer, together with the certificate of the township clerk that the same was duly approved by the township board, do not furnish *prima facie* evidence of the approval of the bond. We cannot agree with counsel in this contention. The purpose of this provision of the act of 1887 was to make the certificate of the clerk authentic evidence of the action of the body approving the bond, and the court was not in error in receiving it in evidence.

Counsel cites, in support of his position, the case of *Garrison v. Steele*, 46 Mich. 98. That action was brought under Act No. 193, Laws of 1877. The question raised here did not arise in that case. It was claimed in that case that the bond was never approved by the common council of Bay City. Proofs were offered showing that fact. The bond, as offered in evidence, had upon it a

brief approval signed by the recorder; and this appearing, the defense were permitted to show that the bond had never been in fact approved. The defense to the action was rested on the ground of want of penalty stated in the bond and of approval. The statute of 1877 did not provide who should make this certificate of approval. It simply provided that the county treasurer should not receive the bond, unless the approval of the township board, etc., should be indorsed thereon in writing. The statute of 1887, under which this action is brought, it is seen, makes it the duty of the township clerk to certify to the approval, and the county treasurer is to receive it when such certificate appears indorsed thereon.

The judgment must be affirmed with costs.

The other Justices concurred.